1  PAUL L. REIN, Esq. (SBN 43053)
   AARON M. CLEFTON, Esq.  (SBN 318680)
2  REIN & CLEFTON, Attorneys at Law
   200 Lakeside Drive, Suite A
3  Oakland, CA  94612
   Telephone:  510/832-5001
4  Facsimile:   510/832-4787
   info@reincleftonlaw.com
5
   IRAKLI KARBELASHVILI, Esq. (SBN 302971)
6  ALLACCESS LAW GROUP
   irakli@allaccesslawgroup.com
7  1400 Coleman Ave Ste F28
   Santa Clara, CA 95050
8  Telephone: (408) 295-0137
   Fax: (408) 295-0142
9
   Attorneys for Plaintiff
10 JERIN FENTON

11
                    UNITED STATES DISTRICT COURT
12
                  NORTHERN DISTRICT OF CALIFORNIA
13

14

| | |
|---|---|
| JERIN FENTON,<br><br>        Plaintiff,<br><br>        v.<br><br>BRE ALAMEDA I MF PROPERTY OWNER LLC; GREYSTAR CALIFORNIA, INC.,<br><br><br>        Defendant. | CASE NO.<br><u>Civil Rights</u><br><br>COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:<br><br>1)  Violation of the Federal Fair Housing Act (42 USC § 3601 *et seq.*)<br><br>2)   Violation of the California Fair Employment and Housing Act (Gov't Code § 12926 *et seq.*)<br><br>3)  Violation of the California Disabled Persons Act (Civil Code § 54 *et seq.*)<br><br>4)  Violation of the California Unruh Act (Civil Code § 51(b))<br><br><u>DEMAND FOR JURY TRIAL</u> |

        Plaintiff JERIN FENTON complains of Defendants BRE ALAMEDA I MF PROPERTY

OWNER LLC; GREYSTAR CALIFORNIA, INC., and alleges as follows:

                                1

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1    1.    **INTRODUCTION:**  Plaintiff JERIN FENTON bring this action against BRE

2  ALAMEDA I MF PROPERTY OWNER LLC; GREYSTAR CALIFORNIA, INC., the owner

3  and operator of the apartment building located at 433 Buena Vista Avenue, Alameda, California,

4  ("Summer House") alleging discrimination on the basis of disability in violation of the federal

5  Fair Housing Act, 42 U.S.C. § 3601, et seq., and related state laws.

6    2.    Plaintiff has repeatedly made requests to Defendants for accommodations related

7  to his disability.  This includes requesting whether he could pay to modify his own apartment so

8  that he can independently use the restroom while in his wheelchair.  Prior to signing his lease at

9  Summer House, he asked the leasing agent if he would be able to make modifications to the

10  apartment to accommodate his disability, and she told him that he would at his own expense.

11  Further, despite completely renovating the property between 2005 and 2008 at an estimated cost

12  of $32 million, Defendants failed to make apartments with accessible features that could be rented

13  by persons with disabilities.  Additionally, many of the common areas of the property such as the

14  pool, the picnic area, and the mail room remained inaccessible to people with disabilities after the

15  renovation.  Plaintiff renewed his request on August 3, 2022, to make modifications to widen the

16  restroom door almost 4 weeks before filing this complaint.  The request went unanswered, despite

17  Plaintiff stating the matter was "urgent."  This Complaint followed.

18    3.    Plaintiff seeks an injunction compelling Defendants to allow him to make

19  reasonable modifications to his apartment so that he can fully use and enjoy his dwelling in a

20  manner that is substantially equal to that of other tenants at Summer House and to change their

21  policies to provide reasonable accommodations to disabled tenants; and damages for the injuries

22  Plaintiff has suffered and will continue to suffer until Defendants changes its discriminatory

23  behavior.

24    4.    **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC

25  section 1331 for violations of the Fair Housing Act, 42 USC sections 3601 *et seq*.  This Court has

26  jurisdiction over the pendent state law claims brought under California law pursuant to 28 U.S.C.

27  section 1367.

28    5.    **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1  founded on the fact that the real property which is the subject of this action is located in this

2  district and that Plaintiff's causes of action arose in this district.

3      6.      **INTRADISTRICT:**  This case should be assigned to the Oakland intradistrict as

4  the real property which is the subject of this action is located in this intradistrict and Plaintiff's

5  causes of action arose in this intradistrict.

6      7.      **PARTIES:**  Plaintiff JERIN FENTON is a paraplegic and a "person with a

7  disability" or "physically handicapped person" who requires the use of a wheelchair for

8  locomotion.  He incurred a spinal cord injury at T5/T6 when he was shot while trying to make a

9  Craiglist purchase about three years ago.  Plaintiff is unable to use facilities which are not

10  accessible to mobility disabled persons, including those who require the use of a wheelchair.

11  Plaintiff is entitled by permit from the State of California to park any vehicle which he drives or

12  is transported in, in a designated and properly configured disabled accessible parking space.

13  Plaintiff is and at all times herein relevant was a "handicapped person" as defined by 42 U.S.C.

14  section 3602, and a "person with a disability" as defined in 29 U.S.C. section 705(9)(B),

15  California Government Code section 12926, the Unruh Civil Rights Act, California Civil Code

16  section 51, the Disabled Persons Act, California Civil Code section 54.1, and Civil Code section

17  3345.

18      8.      Defendant BRE ALAMEDA I MF PROPERTY OWNER LLC, is the legal owner

19  of the 615-unit apartment building known as Summer House which occupies several addresses

20  including 433 Buena Vista Avenue, Alameda, California, and 1826 Poggi Street, Alameda,

21  California ("Summer House").  Summer House is a dwelling within the meaning of the Fair

22  Housing Act, 42 U.S.C. § 3602(b), a housing accommodation within the meaning of FEHA,

23  Government Code § 12927(d), and the Disabled Persons Act, Civil Code § 54.1(b)(2), and a

24  business establishment under the Unruh Act, Civil Code § 51.

25      9.      GREYSTAR CALIFORNIA, INC. is a California cooperation, and it manages and

26  operates Seaside Apartments.

27      10.      **FACTUAL STATEMENT:**  In February and March of 2021, Plaintiff began

28  looking for an apartment in the Bay Area. He was looking for something with family friendly

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1  amenities where he and his daughter could live. Plaintiff toured Summer House, and he liked

2  many aspects of the property, including the park and swimming pool for children.  However, he

3  noticed that many of amenities were not accessible to disabled persons as they were only

4  reachable by climbing stairs.  The person providing the tour Summer House to him assured

5  Plaintiff that he could work with the management company of the apartment to make the features

6  more accessible to him.

7        11.     The leasing agent then showed Plaintiff some available apartments.  The first

8  apartment was completely inaccessible for Plaintiff, and he told Defendants' agent that it would

9  not work for him.  The second apartment that Plaintiff looked at was much better, but it was still

10  not completely accessible to him.  For example, the restroom door was not wide enough to

11  accommodate him and there were no grab bars to assist him with transferring to the toilet or the

12  shower.  Again, the leasing agent assured him that modifications could be made to the apartment

13  so that Plaintiff could more easily access the restroom.  She represented at the time that

14  Defendant would make these modifications after Plaintiff signing the lease.

15        12.     Plaintiff liked the building generally and based on Defendants' agent's assurances

16  and representations that accommodation and modifications could be made to increase the

17  accessibility of the apartment and the amenities, Plaintiff was induced to sign a lease for a two-

18  bedroom apartment in March of 2021.

19        13.     Immediately upon moving into the apartment, Plaintiff saw that the inaccessible

20  restroom was going to make living there more difficult than he initially thought.  He cannot get

21  his wheelchair through the door to the restroom because it was too narrow.  In order for Plaintiff

22  to use the restroom at all, he has to transfer from his usual wheelchair which has large rear wheels

23  that allows for him to push himself independently to a transport wheelchair which has four

24  smaller wheels and must generally be pushed by another person from behind.  A transport chair is

25  narrower than Plaintiff's standard wheelchair. After transferring to the transport chair, Plaintiff

26  uses the walls and door jambs to pull himself into the restroom so that he can use the toilet, sink,

27  and shower. Plaintiff also has difficulty transferring to the toilet and shower due to the lack of

28  grab bars.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1       14.     Directly after moving into his apartment at Summer House, Plaintiff made a

2  request for a reasonable modification that would allow him to widen the door to the restroom in

3  his apartment. On March 8, 2021, Plaintiff received a response from Defendants' agent, Andrea

4  Sanchez, which stated, "I am following on your reasonable accommodation request.  If the

5  structural integrity of the building can accommodate the modifications, you have been approved

6  to make the modification.  Please keep in mind that you will be responsible for the costs of any

7  changes to the apartment home.  Please let me know if you have any questions. Thank you!"

8  However, when Plaintiff followed up with Defendants, they told him that it would be too much

9  work to widen the restroom door and that they would not do it.  Plaintiff followed up again asking

10  if he could pay for the work himself, but Defendants refused to interact with him regarding any of

11  his requests for accommodations or his requests to make modifications.  On Wednesday, August

12  3, 2022, Plaintiff wrote to Defendant, "I would like to renew my request to be allowed to widen

13  my bathroom door in my apartment at my own expense.  Could you please let me know by the

14  end of the week if I am allowed to do this? Every day I have problems using the bathroom.  This

15  is urgent for me to fix."  Defendant did not respond.  This Complaint followed on August 30,

16  2022.

17       15.     Despite Defendants' agents' representations that Defendants would work with

18  Plaintiff to make his apartment and the amenities offered at Summer House accessible to him, the

19  conditions of the property remain exactly the same today as they were when Plaintiff moved in.

20
21

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE FEDERAL FAIR HOUSINT ACT**
**(42 U.S.C. § 3601 *et seq.*)**

22       16.     Plaintiff replead and incorporate by reference, as if fully set forth again herein, the

23  factual allegations contained in Paragraphs 1 through 15, above, and incorporates them herein by

24  reference as if separately repleaded hereafter.

25       17.     Summer House is a "dwelling" available "to rent" within the meaning of the Fair

26  Housing Act (FHA).  42 U.S.C.A. § 3602.  It is a "covered multi family dwelling" under section

27  3604 (f)(7)(A).

28       18.     Based upon the foregoing, Defendants have violated the protections afforded to

5

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1   Plaintiff under the FHA, including but not limited to, the following:

2           a.    Failing and refusing to make reasonable accommodations in policies,

3               programs and procedures when such is necessary to afford Plaintiff an

4               equal opportunity to use and enjoy the dwelling.

5           b.    Failing and refusing to provide an accessible path to and through the

6               building and to common areas of the building;

7           c.    Failing and refusing to allow Plaintiff to make reasonable modifications to

8               his apartment which are necessary to afford Plaintiff an equal opportunity

9               to use and enjoy the dwelling.

10       19.    Defendants had actual knowledge that Plaintiff is a person with a disability.

11   Plaintiff affirmatively requested that the door to the bathroom inside his dwelling unit be widened

12   to accommodate his wheelchair.  Defendants repeatedly refused or failed to respond to the

13   requests for accommodations and modifications.

14       20.    Defendants maintain a pattern and practice of denying Plaintiff full and equal

15   access to his dwelling by failure to maintain accessible paths or travel, and failure to respond

16   appropriately to requests for accommodation and modifications.  42 U.S.C.A. § 3604(f)(3).

17       21.    Based upon the foregoing, Plaintiff is entitled to actual damages, punitive and

18   exemplary damages and injunctive relief as set forth below.

19       WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

20

21   **SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

22   ***(Cal. Government Code § 12955 et. seq.)***

23       22.    Plaintiffs re-plead and incorporate by reference, as if fully set forth hereafter, the

24   factual allegations contained in Paragraphs 1 through 21 of this Complaint and incorporates them

25   herein as if separately re-pleaded.

26       23.    The Fair Employment and Housing Act (FEHA) prohibits discrimination on the

27   basis of disability in housing.  Gov.C. § 12955 *et seq*.

28       24.    Summer House is a "housing accommodation" within the meaning of FEHA. Cal.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1    Gov't Code § 12927.

2    25.    Based upon the foregoing, Defendants have violated the protections of FEHA as

3    follows:

4              a.    Failure to design, construct and/or maintain an accessible route that is

5                    readily accessible to and usable by persons with disabilities;

6              b.    Upon information and belief, failure to design, construct and/or maintain

7                    accessible features in the dwelling units in compliance with Government

8                    Code section 12955.1; and

9              c.    Failure to modify policies and practices to provide reasonable

10                   accommodations to Plaintiff, including changes in policies, programs and

11                   procedures that allow persons with disabilities to enjoy their rental

12                   dwelling to the same extent as those without disabilities.

13   26.    Based upon the foregoing, Plaintiff is entitled to actual damages, punitive and

14   exemplary damages and injunctive relief as set forth below.

15           WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter

16   stated.

17

18                              **THIRD CAUSE OF ACTION:**
                    **VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**
19                              **(Cal. Civ. Code § 54 *et seq*)**

20   27.    Plaintiff repleads and incorporate by reference, as if fully set forth again herein,

21   the allegations contained in Paragraphs 1 through 26 of this Complaint and incorporates them

22   herein as if separately re-pleaded.

23   28.    The Disabled Persons Act (DPA) requires, "Individuals with disabilities shall be

24   entitled to full and equal access, as other members of the general public, to all housing

25   accommodations offered for rent, lease, or compensation in this state, subject to the conditions

26   and limitations established by law, or state or federal regulation, and applicable alike to all

27   persons." Civ.C. § 54.1(b)(1).

28   29.    The subject apartment building is a housing accommodation within the meaning of

Civil Code section 54.1(b)(2).  Plaintiff is a person with a disability within the meaning of the DPA.

30.  Based upon the foregoing, Defendants have violated the DPA as follows:

     a.  Denying Plaintiff full and equal access to his housing accommodations, (Civ.C. § 54.1(b)(1));

     b.  Failure and refusal to construct and/or alter the facilities in compliance with State building codes, and/or to maintain them in accessible condition;

     c.  Refusing to "make reasonable accommodations in rules, policies, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises."  (Civ.C. § 54.1(b)(3)(B)); and

     d.  Failure and refusal to provide an accessible route to and through all areas of the building which are required to be accessible and/or adaptable.

31.  Plaintiff has suffered actual damage as a result of such failures which they allege is the result of Defendants' knowing and intentional violation of their rights as a disabled person and a person associated with a disabled person under California Law.

32.  Based upon the foregoing, Plaintiff is entitled to statutory damages, actual damages, punitive and exemplary damages as set forth below.

WHEREFORE, Plaintiff request relief as outlined below.

**FOURTH CAUSE OF ACTION:**
**VIOLATION OF UNRUH CIVIL RIGHT ACT**
**(Cal. Civ. Code § 51 *et. seq.*)**

33.  Plaintiff repleads and incorporate by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 32 of this Complaint and incorporates them herein as if separately re-pleaded.

34.  At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code 51(b), provided that:

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.     The building is a business establishment and Plaintiff is a person with a disability within the meaning of the Unruh Act.

36.     Defendants violated the Unruh Act by its acts and omissions, including but not limited to, the following:

a.     Failure and refusal to modify the policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services;

b.     Failure and refusal to construct and/or alter the building's facilities in compliance with state building code and state housing requirements;

c.     Failure and refusal to provide an accessible route to and through all areas of the building which are required to be accessible and/or adaptable.

37.     Plaintiff is informed, believes and thereon allege that Defendants' behavior, as alleged herein, was intentional: Defendants were aware and/or were made aware of its duties to refrain from establishing discriminatory policies and/or barriers preventing physically disabled persons from accessing its facilities, prior to the filing of this Complaint.

38.     Defendants' stubborn refusal to provide disabled tenants and guests with accessible public areas and common spaces in violation of the laws set forth above, demonstrates a knowing and conscious disregard for the law in general and an intentional denial of rights of disabled tenants in particular.  Such conduct justifies an award of treble, punitive and exemplary damages in addition to all other relief sought.

WHEREFORE, Plaintiff requests relief as outlined below.

## PRAYER

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the

9

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1  unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless

2  Plaintiff is granted the relief they request.  Plaintiff and Defendants have an actual controversy

3  and opposing legal positions as to Defendants' violations of the laws of the United States and the

4  State of California. The need for relief is critical because the rights at issue are paramount under

5  the laws of the United States and the State of California.

6      WHEREFORE, Plaintiff JERIN FENTON prays for judgment and the following specific

7  relief against Defendants:

8      1.      An order enjoining Defendants, their agents, officials, employees, and all persons

9  acting in concert with them:

10              a.      From continuing the unlawful acts, conditions, and practices described in

11                      this Complaint;

12              b.      To provide a policy and procedure consistent with California and federal

13                      law to provide reasonable accommodations for persons with disabilities

14                      who live at the building or who wish to do so;

15              c.      To modify the building's facilities to provide full and equal access to

16                      tenants with physical disabilities and to maintain such accessible facilities

17                      once they are provided;

18              d.      To train Defendant's employees and agents in how to accommodate the

19                      rights and needs of physically disabled persons;

20              e.      To Require that Defendants allow Plaintiff to make reasonable

21                      modifications to his unit at his own expense to make it accessible,

22                      including widening his bathroom doorway;

23              f.      To implement nondiscriminatory protocols, policies, and practices for

24                      accommodating persons with mobility disabilities; and

25      2.      Retain jurisdiction over the Defendants until such time as the Court is satisfied that

26  Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically

27  inaccessible public facilities and policies as complained of herein no longer occur, and cannot

28  recur;

10

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1    3.    Award to Plaintiffs all appropriate damages, including but not limited to statutory

2  damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all

3  according to proof;

4    4.    Award to Plaintiffs all reasonable statutory attorney fees, litigation expenses, and

5  costs of this proceeding as provided by law;

6    5.    Award prejudgment interest pursuant to Civil Code section 3291; and

7    6.    Grant such other and further relief as this Court may deem just and proper.

8  Date: August 30, 2022                          REIN & CLEFTON
                                                  ALL ACCESS LAW GROUP
9

10

11                                                 _/s/ Aaron Clefton_
                                                  By AARON CLEFTON, Esq.
                                                  Attorney for Plaintiff
12                                                 JERIN FENTON

13

14                              **JURY DEMAND**

15       Plaintiffs hereby demand a trial by jury for all claims for which a jury is permitted.

16
   Date: August 30, 2022                          REIN & CLEFTON
17                                                 ALL ACCESS LAW GROUP

18

19                                                 _/s/ Aaron Clefton_
                                                  By AARON CLEFTON, Esq.
20                                                 Attorney for Plaintiffs
                                                  JERIN FENTON
21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES